## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL SECURITY ARCHIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 06cv01080 (GK) |
| THE CENTRAL INTELLIGENCE AGENCY, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>DEFENDANTS' MOTION TO DISMISS</u>

Pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3),

Defendants Central Intelligence Agency ("CIA"), Director of the CIA General Michael V.

Hayden, and CIA Information and Privacy Coordinator Scott A. Koch, respectfully move to

dismiss the above-captioned matter for lack of subject matter jurisdiction and failure to state a

claim upon which relief can be granted.  A memorandum in support of this motion and a

proposed order are attached.

Dated: September 8, 2006                          Respectfully submitted,

                                                  PETER D. KEISLER
                                                  Assistant Attorney General

                                                  ELIZABETH J. SHAPIRO
                                                  Assistant Branch Director


                                                  _____/s/_____
                                                  HEATHER R. PHILLIPS
                                                  Trial Attorney
                                                  U.S. Department of Justice
                                                  Civil Division/Federal Programs
                                                  Mail:   P.O. Box 883
                                                          Washington, D.C.  20044

Street:  20 Massachusetts Ave., N.W.
         Room 7330
Washington, DC  20001
Ph:      (202) 616-0679
Fax:     (202) 616-8470
Email:  heather.phillips@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
                    **FOR THE DISTRICT OF COLUMBIA**

_____
NATIONAL SECURITY ARCHIVE,                              )
                                                       )
                            Plaintiff,                 )
                                                       )
            v.                                         )
                                                       )        No. 06cv01080 (GK)
THE CENTRAL INTELLIGENCE AGENCY, <u>et al.,</u>        )
                                                       )
                            Defendants.                )
_____)


## <u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), Central

Intelligence Agency ("CIA"), Director of the CIA General Michael V. Hayden, and CIA

Information and Privacy Coordinator Scott A. Koch (referred to collectively herein as the

"CIA"), move to dismiss this case for lack of subject matter jurisdiction and failure to state a

claim upon which relief may be granted, as events subsequent to the filing of the Complaint have

rendered the lawsuit moot.  The CIA has provided the NSA with all of the relief requested in the

Complaint to which it is entitled, and there is no live case or controversy.

### BACKGROUND

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as

amended.  The FOIA generally requires that a person requesting records pay the costs of

searching for and duplicating the documents requested.  <u>Id.</u>  An exception is made, however, in

cases of a request "not . . . for commercial use" that is made by "[1] an educational or

noncommercial scientific institution, whose purpose is scholarly or scientific research; or [2] a

representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II).  In such cases, an agency may

impose upon the requester only the cost of duplicating the records it releases.  Id.

Plaintiff National Security Archive ("NSA") is a not-for-profit research institution located at George Washington University in Washington, D.C.  Complaint ("Compl.") at ¶ 9. Plaintiff currently has 43 separate FOIA requests pending with the CIA that are the subject of the instant lawsuit.  Id. at ¶ 5 & Exhibit 2 (attached to Plaintiff's Compl.).  With respect to these 43 FOIA requests, the CIA had previously notified the NSA that they were not entitled to preferential search-fee treatment pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) because the NSA did not qualify as a representative of the news media for these requests, and that the NSA would therefore have to pay search fees in connection with these requests.  Compl. at ¶ 5.

On September 8, 2006, the CIA notified the NSA that it had reconsidered and withdrawn its previously-issued decisions respecting denial of representative of the news media status and the imposition of search fees for the 43 requests.  See September 8, 2006 Decision Letter from Scott A. Koch at 1, attached hereto as Exhibit A.  The CIA further notified the NSA that it was issuing a new decision with respect to the 43 pending FOIA requests at issue in this lawsuit, granting the NSA's request as a representative of the new media for a waiver of FOIA search fees.  Id.  The CIA informed the NSA that the 43 FOIA requests had retained their original positions in the FOIA queue.  Id.  As NSA had never actually paid any search fees in conjunction with the 43 FOIA requests, no fees were being refunded to them.  Id. at 2.  In addition, the CIA informed the NSA that it would be considered a representative of the news media with respect to all future FOIA requests, in accordance with the District of Columbia Circuit Court of Appeals decision in National Security Archive v. U.S. Department of Defense, 880 F.2d 1381 (D.C. Cir. 1989), and so long as the requests were not for commercial purposes and complied with the

requirements of 5 U.S.C. § 552.  <u>See</u> Ex. A at 1.  The CIA also noted that (although not relevant

to the NSA given its September 8, 2006 decision and grant of representative of the news media

status to the NSA for future FOIA requests) it intended to revise 32 C.F.R. § 1900.02(h)(3) to

reflect Office of Management and Budget guidelines, although such revisions would take place

in due course, following Federal Register requirements for rulemaking.  Ex. A at 2.

## ARGUMENT

I.    **As Defendants Have Withdrawn The Prior Decisions at Issue in this Case and Rendered a New Decision Granting Plaintiff Representative of the News Media Status, the Case Should be Dismissed on Mootness Grounds.**

On September 8, 2006, the CIA withdrew its prior decisions respecting the 43 FOIA

requests at issue in Plaintiff's Complaint, and granted the NSA representative of the news media

status.  <u>See</u> Ex. A.  Given this decision, the Court should dismiss the Complaint pursuant to

FRCP 12(b)(1), as the Court now lacks jurisdiction over the subject matter, and FRCP 12(b)(6),

as the Plaintiff fails to state a claim upon which relief can be granted.

### A.  Legal Standard

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor."  <u>Thompson v.

Capitol Police Board</u>, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted); <u>see also</u>

<u>Vanover v. Hantman</u>, 77 F. Supp. 2d 91, 98 (D.D.C. 1999).  "The court is not required, however,

to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual

allegations."  <u>Rann v. Chao</u>, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).  In addition, "[on] a motion

to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish

3

subject-matter jurisdiction by a preponderance of the evidence." <u>Thompson</u>, 120 F. Supp. 2d at 81; <u>Vanover</u>, 77 F. Supp. 2d at 98.

The Court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the Court may determine the motion based solely on the complaint. <u>Herbert v. National Academy of Sciences</u>, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, the Court may look beyond the allegations of the complaint, and consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. <u>See</u> <u>id</u>. <u>See</u> also <u>Land v. Dollar</u>, 330 U.S. 731, 735 n.4 (1947) ("the court may inquire by declarations or otherwise, into the facts as they exist"); <u>Thompson</u>, 120 F. Supp. at 81 ("In determining whether the plaintiff has met this burden [of establishing subject-matter jurisdiction], the court is sometimes required to look to matters outside of the pleadings.").

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1117 (D.C. Cir. 2000).

**B.    Plaintiff's Complaint Raises no Live Case or Controversy.**

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies." <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984); <u>National Black Police Association v. District of Columbia</u>, 108 F.3d 346, 349 (D.C. Cir. 1997). This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. <u>See</u> <u>Richardson v. Ramirez</u>,

4

418 U.S. 24, 36 (1974); <u>see also</u> <u>City of Erie v. Pap's A.M.</u>, 529 U.S. 277, 305-06 (2000) (Scalia,

J. concurring).  In fact, "[n]o principle is more fundamental to the judiciary's proper role in our

system of government than the constitutional limitation of federal-court jurisdiction to actual

cases and controversies."  <u>Simon v. Eastern Kentucky Welfare Rights Org.</u>, 426 U.S. 26, 37

(1976) (citing <u>Flast v. Cohen</u>, 392 U.S. 83, 95 (1968)).

   The case-or-controversy requirement subsists "through all stages of federal judicial

proceedings." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990).  The effect of post-

complaint changes in the facts or law on the continued existence of a particular controversy are

assessed through the lens of mootness.  <u>See</u> <u>Arizonans for Official English v. Arizona</u>, 520 U.S.

43, 68 n.22 (1997) (quoting <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 397

(1980)).

   As the Supreme Court has stated, "federal courts are without power to decide questions

that cannot affect the rights of litigants in the case before them."  <u>DeFunis v. Odegaard</u>, 416 U.S.

312, 316 (1974) (quoting <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971)); <u>National Black</u>

<u>Police Association</u>, 108 F.3d at 349.  This inability of the federal judiciary "'to review moot

cases derives from the requirement of Article III of the Constitution under which the exercise of

judicial power depends upon the existence of a case or controversy.'" <u>DeFunis</u>, 416 U.S. at 316

(quoting <u>Liner v. Jafco, Inc.</u>, 375 U.S. 301, 306 n.3 (1964)); <u>see also</u> <u>City of Houston v.</u>

<u>Department of Housing and Urban Development</u>, 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal

courts lack jurisdiction to decide moot cases because their constitutional authority extends only

to actual cases or controversies") (<u>quoting</u> <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70

(1983)).

In short, "Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.'  If events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot." McBryde v. Committee to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted); see also Pharmachemie B.V. v. Barr Laboratories, Inc., 276 F.3d 627, 631 (D.C. Cir. 2002); Fraternal Order of Police v. Rubin, 134 F. Supp.2d 39, 41 (D.D.C. 2001) (further noting that no justiciable controversy is presented when the question to be adjudicated as been mooted by subsequent developments).  In other words, the controversy must exist at the outset of the litigation and continue throughout the existence of the suit.  See Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (citing Arizonans for Official English, 520 U.S. 43).  As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)).  See also Westmoreland v. National Transportation Safety Board, 833 F.2d 1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the appeal must be dismissed as moot.")  (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982)).[1]

In this case, the Court lacks subject matter jurisdiction because events subsequent to the

---

[1]Mootness has been described as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'"  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).

filing of the Complaint have provided the NSA with its requested relief and ended any live

controversy between the parties.  The Complaint sought a judgment declaring that the NSA is

entitled to preferential status as a "representative of the news media" for purposes of assessing

FOIA fees; requiring Defendants to treat the NSA a representative of the news media for existing

and future requests that are not made for commercial use; according existing requests the place

in the processing queue that they would have had; and reimbursement of any processing fees

assessed.  Compl. ¶ 6.  On September 8, 2006, Defendants issued the NSA a decision providing

precisely this relief.  <u>See</u> Ex. A.  Plaintiffs have therefore received the relief sought through the

Complaint, and there is no longer any judicial function for the Court to play.[2]

This Circuit has held on several occasions that where a plaintiff files a complaint seeking

agency action, and the action is taken subsequent to the filing of the complaint, the case should

---

[2] To the extent Plaintiff requested that the Court declare CIA regulations invalid, given the CIA's September 8, 2006 Decision, holding that NSA is entitled to representative of the news media status for future requests, so long as such requests comply with the statute and are not for commercial purposes, Plaintiff lacks standing to mount any such challenge to the CIA's regulations.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (The requirement that a litigant possess standing to sue "is an essential and unchanging part of the case-or- controversy requirement of Article III.").  Article III's standing requirement contains three elements.  First, "the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  <u>Lujan</u>, 504 U.S. at 560 (internal citations and punctuation omitted).  Second, "there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court."  <u>Id</u>. (citation and internal punctuation omitted).  Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  <u>Id</u>. at 561 (citation and internal punctuation omitted).  Given the CIA's September 8, 2006 Decision, Plaintiff cannot satisfy these three elements.  To the extent Plaintiff seeks an Order from the Court "ordering Defendants not to rely upon [its] regulations in refusing to treat . . . any other FOIA requester as a representative of the news media," Compl. at 24, Plaintiff's likewise lack standing to bring this claim.  <u>Wyoming Outdoor Council v. United States Forest Serv.</u>, 165 F.3d 43, 48 (D.C. Cir. 1999) ("Litigants seeking to assert the rights of third parties . . . have been found to lack standing on prudential grounds.").

be dismissed on mootness grounds.  For example, in <u>Action on Smoking and Health v.</u> <u>Department of Labor</u>, 28 F.3d 162, 163 (D.C. Cir. 1994), the plaintiff claimed that OSHA had "unreasonably delayed" in initiating a rulemaking proceeding.  Once OSHA issued a notice of proposed rulemaking, however, the Court found it unnecessary to reach the merits of the claim and dismissed on the basis of mootness.  <u>Id</u>. at 164.  Similarly, in <u>Shoreham-Wading River</u> <u>Central School District v. United States Nuclear Regulatory Commission</u>, 931 F.2d 102, 104 (D.C. Cir. 1991), petitioners filed a claim for relief based upon the Nuclear Regulatory Commission's "failure to decide" a request for action under 10 C.F.R. § 2.206.  Once the Commission issued the final decision, "the unlawful delay claim [was] therefore moot."  <u>See also</u> <u>In re International Union, United Mine Workers of America</u>, 231 F.3d 51, 54 (D.C. Cir. 2000) (holding Union's petition for a writ of mandamus to compel the Mine Safety and Health Administration (MSHA) to engage in rulemaking to protect mine workers from exposure to respirable coal mine dust was moot where, six months after union filed its petition to compel MSHA to promulgate four standards recommended by an advisory committee, the agency issued two notices of proposed rulemaking); <u>In re Arcadian Corp.</u>, 1995 WL 626501 (D.C. Cir. Oct. 4, 1999) (dismissing as moot petition to compel issuance of OSHA decision once decision rendered and entered into the public record); <u>Associated Builders & Contractors, Inc. v. Herman</u>, 976 F. Supp. 1, 8 (D.D.C. 1997) (claim attacking delay moot once rulemaking issued).

Defendants' mootness argument also finds support in other causes of action where a plaintiff's Complaint seeks action on the part of a federal agency, and the action is performed during the pendency of the case.  In cases brought under FOIA, once all documents have been released to the requester, the cases are properly dismissed on mootness grounds as there is no

further judicial function for the Court to perform.   See Drake v. Federal Aviation Admin., 291 F.3d 59, 67 (D.C. Cir. 2002) (finding that where the FAA released all documents to plaintiff, FOIA claim was mooted), cert. denied, 537 U.S. 1193 (2003); Crooker v. United States State Department, 628 F.2d 9, 10 (D.C. Cir. 1980) ("[o]nce the records are produced [in a FOIA case] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made"); see also Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).  Similarly, appeal from enforcement of a subpoena becomes moot once a party has come into compliance with the subpoena.  See Office of Thrift Supervision v. Dobbs, 931 F.2d 956, 957-58 (D.C. Cir. 1991) (citing numerous cases).

Drawing upon these cases, it is clear dismissal on mootness grounds is warranted based upon events subsequent to the filing of the Complaint – there is no live controversy or case here. The Complaint sought representative of the news media status for Plaintiffs' 43 pending FOIA requests, as well as future requests, so long as they complied with the statute and were not for commercial purposes.  See Compl. at ¶ 6.  Defendants have granted Plaintiff representative of the news media status for their 43 pending FOIA requests and for future requests.  See Ex. A. Even if Plaintiff had a viable claim at the time the Complaint was filed, Plaintiff has now received the relief sought.  See id.  FRCP 12(h)(3) directs that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action."  There is no further relief that the Court can grant Plaintiff under

the Complaint.  Therefore, the Complaint should be dismissed as moot.[3]

## III.  CONCLUSION

For the foregoing reasons, the CIA respectfully requests that its Motion to Dismiss be

granted, and that the above-captioned matter be dismissed.

Dated: September 8, 2006                                    Respectfully submitted,

                                                           PETER D. KEISLER
                                                           Assistant Attorney General

                                                           ELIZABETH J. SHAPIRO
                                                           Assistant Branch Director

                                                           _____/s/_____
                                                           HEATHER R. PHILLIPS
                                                           Trial Attorney
                                                           U.S. Department of Justice
                                                           Civil Division/Federal Programs
                                                           Mail:   P.O. Box 883
                                                                   Washington, D.C.  20044
                                                           Street: 20 Massachusetts Ave., N.W.
                                                                   Room 7330
                                                           Washington, DC  20001
                                                           Ph:     (202) 616-0679
                                                           Fax:    (202) 616-8470
                                                           Email:  heather.phillips@usdoj.gov

---

[3]The Prayer for Relief does request an award of attorney's fees.  Compl. at 23.  A claim for fees, however, is not enough to maintain a live controversy.  See, e.g., Cammermeyer v. Perry, 97 F.3d 1235, 1238-39 (9th Cir. 1996); Doe v. Marshall, 622 F.2d 118, 120 (5th Cir. 1980).  Further, in this matter, Plaintiff has failed to establish a court judgment or other statutorily qualifying grounds to be a prevailing party, requiring the denial of any such claim. See Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 604-05 (2001).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
NATIONAL SECURITY ARCHIVE,            )
                                      )
              Plaintiff,              )
                                      )
        v.                            )
                                      )     No. 06cv01080 (GK)
THE CENTRAL INTELLIGENCE AGENCY, <u>et al.</u>,   )
                                      )
              Defendants.             )
_____)


THIS MATTER having come before the Court on Defendants Central Intelligence Agency ("CIA"), Director of the CIA General Michael V. Hayden, and CIA Information and Privacy Coordinator Scott A. Koch's' Motion to Dismiss, it is hereby

ORDERED that Defendants Central Intelligence Agency ("CIA"), Director of the CIA General Michael V. Hayden, and CIA Information and Privacy Coordinator Scott A. Koch's Motion is GRANTED.

**SO ORDERED.**

Dated: _____        _____