IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06cv01080 (GK) |
| ) | |
| THE CENTRAL INTELLIGENCE AGENCY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On September 8, 2006, plaintiff filed its motion for summary judgment in this case. That same day, defendants filed their motion to dismiss plaintiff's suit for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Defendants hereby oppose plaintiff's motion for summary judgment on the grounds that the Court lacks jurisdiction over this suit as plaintiff's claims are moot. In the alterative, the Court should stay plaintiff's motion for summary judgment pending resolution of defendants' motion to dismiss plaintiff's suit for lack of subject matter jurisdiction. A memorandum in support of this opposition, defendants' counter-statement of undisputed facts, and a proposed order, are attached.

Dated: September 19, 2006    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____
HEATHER R. PHILLIPS

Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs
Mail:  P.O. Box 883
         Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
         Room 7330
Washington, DC  20001
Ph:    (202) 616-0679
Fax:   (202) 616-8470
Email: heather.phillips@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CENTRAL INTELLIGENCE AGENCY, <u>et al.</u>, )<br>)<br>Defendants. )<br>) | No. 06cv01080 (GK) |

**DEFENDANTS' COUNTER-STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civ. R. 7(h), defendants submit this counter-statement of material facts as to which there is no genuine issue:

1. On September 8, 2006, defendants withdrew their earlier decisions respecting the FOIA requests at issue in this case and issued a new decision granting plaintiff "representative of the news media" status for those requests. <u>See</u> September 8, 2006 Letter from Adolfo Tarasiuk, Jr., Chief Information Officer, attached hereto as Exhibit A.

2. Also on September 8, 2006, defendants informed plaintiff that any future FOIA requests would likewise be accorded preferential fee treatment so long as the requests were for non-commercial purposes and otherwise comported with 5 U.S.C. § 552(a)(4)(A)(ii)(II) and the Court's decision in <u>National Security Archive v. United States Department of Defense</u>, 880 F.2d 1381 (D.C. Cir. 1989). <u>See</u> Exhibit A.

3. Plaintiff's FOIA requests at issue in this lawsuit retained their original positions in the FOIA queue. <u>Id.</u>

4. Defendants informed plaintiff that any previous search and review fees paid by plaintiff in connection with the FOIA requests at issue would be reimbursed; however, plaintiff had paid no such fees. Id.

5. Defendants notified plaintiff that they intended to initiate a change to CIA regulations respecting the definition of "representative of the news media," 36 C.F.R. § 1900.02(h)(3), and that a notice of proposed rulemaking and a proposed rule defining "representative of the news media" to comport with OMB regulations would be promptly published in the Federal Register. See Exhibit A.

Dated: September 19, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs
Mail: P.O. Box 883
    Washington, D.C. 20044
Street: 20 Massachusetts Ave., N.W.
    Room 7330
Washington, DC 20001
Ph:   (202) 616-0679
Fax:  (202) 616-8470
Email: heather.phillips@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CENTRAL INTELLIGENCE AGENCY, et al., )<br>)<br>Defendants. )<br>) | No. 06cv01080 (GK) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Defendants Central Intelligence Agency ("CIA"), Director of the CIA General Michael V. Hayden, and CIA Information and Privacy Coordinator Scott A. Koch, hereby oppose plaintiff National Security Archive's motion for summary judgment on the grounds that the Court lacks subject matter jurisdiction over this lawsuit and plaintiff fails to state a claim upon which relief may be granted, as events subsequent to the filing of the Complaint have rendered the lawsuit moot. In support of this opposition, defendants incorporate by reference their motion to dismiss, filed with the Court on September 8, 2006. In the alternative, the Court should stay plaintiff's motion for summary judgment pending the Court's resolution of defendants' motion to dismiss.

**BACKGROUND**

As discussed fully in defendants' motion to dismiss, this case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended. Plaintiff currently has 42 separate FOIA requests pending with defendants that are the subject of the instant lawsuit. Id. at ¶ 5 & Exhibit 2 (attached to Plaintiff's Compl.); see also Plaintiff's Motion for Summary Judgment

("Pl. MSJ") at Statement of Material Facts ¶¶ 6, 29.[1] With respect to these pending FOIA requests, defendants had previously notified plaintiff that they were not entitled to preferential search-fee treatment pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) because plaintiff did not qualify as a representative of the news media for these requests, and that plaintiff would therefore have to pay search fees in connection with these requests. Compl. at ¶ 5.

On September 8, 2006, defendants notified plaintiff that it had reconsidered and withdrawn its previously-issued decisions respecting denial of representative of the news media status and the imposition of search fees for the 42 requests. See September 8, 2006 Decision Letter from Adolfo Tarasiuk, Jr., Chief Information Officer, attached hereto as Exhibit A.[2] Defendants further notified plaintiff that it was issuing a new decision with respect to the pending FOIA requests at issue in this lawsuit, granting plaintiff's request as a representative of the new media for a waiver of FOIA search fees. Id. Defendants informed plaintiff that the subject FOIA requests had retained their original positions in the FOIA queue. Id. As plaintiff had never actually paid any search fees in conjunction with these FOIA requests, no fees were being refunded to them. Id. In addition, defendants informed plaintiff that it would be considered a representative of the news media with respect to all future FOIA requests, in accordance with the District of Columbia Circuit Court of Appeals decision in National Security Archive v. U.S. Department of Defense, 880 F.2d 1381 (D.C. Cir. 1989), and so long as the

---

[1] Defendants' motion to dismiss noted that plaintiff had 43 FOIA requests pending; however, plaintiff withdrew FOIA request no. F-2006-00173 on June 1, 2006. As such, there are only 42 pending FOIA requests.

[2] Defendants' letter also accorded preferential fee treatment status to plaintiff's FOIA request F-2006-0173; however, that request was withdrawn by plaintiff, and is therefore not at issue in this lawsuit.

requests were not for commercial purposes and complied with the requirements of 5 U.S.C. § 552.  See Ex. A.  Defendants also noted (although not relevant to plaintiff given the defendants' September 8, 2006 decision and grant of representative of the news media status to plaintiff for future FOIA requests) that it intended to revise 32 C.F.R. § 1900.02(h)(3) to reflect Office of Management and Budget guidelines, although such revisions would take place in due course, following Federal Register requirements for rulemaking.

**ARGUMENT**

**I.   As Defendants Have Withdrawn The Prior Decisions at Issue in this Case and Rendered a New Decision Granting Plaintiff Representative of the News Media Status, the Case Should be Dismissed on Mootness Grounds, and the Court Should Deny Plaintiff's Motion for Summary Judgment.**

On September 8, 2006, defendants withdrew their prior decisions respecting the FOIA requests at issue in this lawsuit, and granted plaintiff representative of the news media status.  Ex. A.  Given this decision, the Court should deny plaintiff's motion for summary judgment and dismiss this lawsuit pursuant to FRCP 12(b)(1), as the Court now lacks jurisdiction over the subject matter, and FRCP 12(b)(6), as plaintiff fails to state a claim upon which relief can be granted.

As discussed fully in defendants' September 8, 2006 motion to dismiss, at this juncture plaintiff's lawsuit raises no live case or controversy.  Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies."  Allen v. Wright, 468 U.S. 737, 750 (1984).  "If events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot."  McBryde v. Committee to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001); see also Columbian Rope

3

Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) ([E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."); City of Houston v. Department of Housing and Urban Development, 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies") (quoting Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983)); Fraternal Order of Police v. Rubin, 134 F. Supp.2d 39, 41 (D.D.C. 2001) (noting that no justiciable controversy is presented when the question to be adjudicated as been mooted by subsequent developments).

     In this case, the Court lacks subject matter jurisdiction because events subsequent to the filing of the Complaint have provided plaintiff with its requested relief and ended any live controversy between the parties. In their motion for summary judgment, plaintiff seeks "declaratory and injunctive relief ensuring that the CIA grants it preferential fee treatment, based on the Archive's status as a representative of the news media, for all of the FOIA requests at issue and all of the Archive's future requests that are not made for a commercial purpose." Pl. MSJ at 3. On September 8, 2006, defendants issued plaintiff a decision providing precisely this relief. See Ex. A. Plaintiff has therefore received all the relief to which it is entitled, and there is no longer any judicial function for the Court to play.[3] As such, the Court should deny plaintiff's

---

[3] To the extent plaintiff requests that the Court declare CIA regulations invalid, given defendants' September 8, 2006 decision, holding that plaintiff is entitled to representative of the news media status for future requests, so long as such requests comply with the statute and are not for commercial purposes, plaintiff lacks standing to mount any such challenge to the CIA's regulations. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (The requirement that a

motion for summary judgment, and dismiss the lawsuit as moot. See, e.g., Drake v. Federal Aviation Admin., 291 F.3d 59, 67 (D.C. Cir. 2002) (finding that where the FAA released all documents to plaintiff, FOIA claim was mooted), cert. denied, 537 U.S. 1193 (2003); Action on Smoking and Health v. Department of Labor, 28 F.3d 162, 164 (D.C. Cir. 1994) (dismissing case because plaintiff's claim of unreasonable delay in initiating a rulemaking proceeding rendered moot once OSHA issued a notice of proposed rulemaking); Shoreham-Wading River Central School District v. United States Nuclear Regulatory Commission, 931 F.2d 102, 104 (D.C. Cir. 1991) (finding that where petitioners filed a claim for relief based upon the Nuclear Regulatory Commission's "failure to decide" a request for action under 10 C.F.R. § 2.206, once the Commission issued the final decision, "the unlawful delay claim [was] therefore moot.").

## II. In the Alternative, the Court Should Stay Proceedings on Plaintiff's Motion for Summary Judgment Pending Resolution of Defendants' Motion to Dismiss.

---

litigant possess standing to sue "is an essential and unchanging part of the case-or- controversy requirement of Article III."). Article III's standing requirement contains three elements. First, "the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (internal citations and punctuation omitted). Second, "there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Id. (citation and internal punctuation omitted). Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 561 (citation and internal punctuation omitted). Given defendants' September 8, 2006 decision, plaintiff cannot satisfy these three elements. To the extent plaintiff seeks an Order from the Court "ordering Defendants not to rely upon [its] regulations in refusing to treat . . . any other FOIA requester as a representative of the news media," Compl. at 24, plaintiff likewise lacks standing to bring this claim. Wyoming Outdoor Council v. United States Forest Serv., 165 F.3d 43, 48 (D.C. Cir. 1999) ("Litigants seeking to assert the rights of third parties . . . have been found to lack standing on prudential grounds.").

Defendants' pending motion to dismiss argues that the Court should dismiss plaintiff's lawsuit for lack of subject matter jurisdiction. The Court should resolve the jurisdictional questions before turning to the merits of the suit. <u>Steel Company v. Citizens for a Better Environment</u>, 523 U.S. 83 (1998). <u>See</u> <u>also</u> <u>Evans v. Atwood</u>, 38 F. Supp. 2d 25, 28 (D.D.C. 1999) ("Before a court may decide the merits of a case, the court must first have jurisdiction to hear it."); <u>Pitney Bowes, Inc., v. U.S. Postal Service</u>, 27 F. Supp. 2d 15, 19 (D.D.C. 1998) (same). Thus, in the event the Court declines to deny plaintiff's motion for summary judgment, the Court should still stay proceedings on plaintiff's motion pending resolution of defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons and for the reasons detailed in its motion to dismiss, defendants respectfully request that the Court deny plaintiff's motion for summary judgment. In the alternative, the Court should stay proceedings on plaintiff's motion for summary judgment pending its ruling on defendants' motion to dismiss.

Dated: September 19, 2006                              Respectfully submitted,

                                                PETER D. KEISLER
                                                Assistant Attorney General

                                                ELIZABETH J. SHAPIRO
                                                Assistant Branch Director

                                                _____/s/_____
                                                HEATHER R. PHILLIPS
                                                Trial Attorney
                                                U.S. Department of Justice
                                                Civil Division/Federal Programs
                                                Mail:  P.O. Box 883
                                                            Washington, D.C.  20044
                                                Street: 20 Massachusetts Ave., N.W.
                                                            Room 7330
                                                Washington, DC  20001
                                                Ph:    (202) 616-0679
                                                Fax:  (202) 616-8470
                                                Email: heather.phillips@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
NATIONAL SECURITY ARCHIVE,                )
                                          )
            Plaintiff,                    )
                                          )
    v.                                    )
                                          )   No. 06cv01080 (GK)
THE CENTRAL INTELLIGENCE AGENCY, et al.,  )
                                          )
            Defendants.                   )
_____)

      THIS MATTER having come before the Court on Plaintiff National Security Archive's Motion for Summary Judgment and Defendants Central Intelligence Agency ("CIA"), Director of the CIA General Michael V. Hayden, and CIA Information and Privacy Coordinator Scott A. Koch's Opposition thereto, it is hereby

      ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

      **SO ORDERED.**

      Dated: _____      _____