Central Intelligence Agency



Washington, D.C. 20505

8 September 2006

Meredith Fuchs
General Counsel
The National Security Archive
Gelman Library, Suite 701
2130 H Street, N.W.
Washington, D.C. 20037

      Re: National Security Archive Freedom of Information Act Requests:
F-1999-00850; F-2005-01773; F-2005-01811; F-2006-00039; F-2006-00051;
F-2006-00052; F-2006-00057; F-2006-00058; F-2006-00081; F-2006-00083;
F-2006-00084; F-2006-00087; F-2006-00088; F-2006-00098; F-2006-00099;
F-2006-00100; F-2006-00104; F-2006-00105; F-2006-00106; F-2006-00107;
F-2006-00114; F-2006-00116; F-2006-00118; F-2006-00121; F-2006-00122;
F-2006-00126; F-2006-00127; F-2006-00129; F-2006-00173; F-2006-00186;
F-2006-00187; F-2006-00190; F-2006-00191; F-2006-00194; F-2006-00195;
F-2006-00198; F-2006-00199; F-2006-00202; F-2006-00286; F-2006-00293;
F-2006-00296; F-2006-00622; F-2006-00623.

Dear Ms. Fuchs:

      We have received your letters and supporting documentation explaining why you believe that in the Freedom of Information Act ("FOIA") requests listed above you meet the criteria for "representative of the news media" status warranting preferential fee treatment.

      Upon reconsideration of your requests, we withdraw our previous determination to place your requests in the "all other" fee category. We have made the following determinations:

      (1) We recognize the Archive's status as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II), for the 43 FOIA requests listed above, and accordingly, the CIA will not assess search or review fees in connection with these requests. In addition, the 43 requests will retain their original positions in the processing queue.

      (2) We recognize the Archive as a "representative of the news media" for purposes of assessing FOIA processing fees for all future requests the Archive submits for a non-commercial purpose in compliance with 5 U.S.C. §.552(a)(4)(A)(ii)(II), and in accordance with the Court's decision in *National Security Archive v. United States Department of Defense*, *880 F.2d 1381 (D.C. Cir. 1989)*, cert. denied, 494 U.S. 1029 (1990). Our decision will remain in effect so long as Congress does not amend the Freedom of Information Act to revise the

Ms. Meredith Fuchs

language now contained in 5 U.S.C. § 552(a)(4)(A)(ii)(II), and so long as there is no change in the nature of the Archive's information-gathering, publishing, and dissemination activities, compared to the present, as to effect a change in these activities.

    (3) We will initiate a change to our regulations respecting the definition of "representative of the news media," 36 C.F.R. § 1900.02(h)(3). The CIA will promptly publish in the Federal Register a notice of proposed rulemaking and a proposed rule defining "representative of the news media" to comport with OMB regulations. *See* 52 Fed. Reg. 10,012, 10,016 (Mar. 27, 1987).

    (4) We will reimburse the Archive for any previous search and review fees the Archive paid for requests we placed in "all other" category. After a review of the Archive's 43 requests, however, we found that that we have not charged the Archive any search and review fees to date. The Archive has only paid duplication fees consistent with requests we process in the "representative of the news media" category.

If you have any questions regarding our decision, please feel free to contact us.

                    Sincerely,

                    Adolfo Tarasiuk, Jr.
                    Chief Information Officer

2