IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE NATIONAL SECURITY ARCHIVE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 06-CV-1080 (GK) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DECLARATION OF KRISTIN ADAIR**

I, Kristin Adair, declare as follows:

1. I am a Freedom of Information Associate at the National Security Archive ("Archive"). I have held this title since June 1, 2005, when I started working at the Archive. As a Freedom of Information Associate, I work with the Archive's General Counsel and Freedom of Information Coordinator to monitor and conduct research on current FOIA policy matters, interact with government, congressional, and media representatives on freedom of information issues, and assist with the Archive's FOIA litigation projects. I received a J.D. and an M.A. in International Affairs, both from the George Washington University, in May 2006.

2. On or about January 5, 2006, at the Archive's request, representatives of the Archive met with officials from the Central Intelligence Agency regarding the agency's recent refusal to recognize the Archive as a "representative of the news media" under the FOIA's fee processing provisions, specifically 5 U.S.C. § 552(a)(4)(A)(ii)(II). I attended this meeting along with the following individuals from the Archive: Thomas Blanton, Executive Director of the

Archive; Meredith Fuchs, General Counsel; and Barbara Elias, formerly the Archive's Freedom of Information Coordinator. The CIA was represented at the meeting by the following individuals who, upon information and belief, hold the following respectively listed titles: Edmund Cohen, Director of Information Management Services, CIA; Herbert O. Briick, Vice Chairman, Agency Release Panel, CIA; Ginger Wright, Assistant General Counsel, Office of General Counsel, CIA; Alan W. Tate, Information Review and Release Manager, CIA (and former Acting Chief, Public Information Programs Division and Acting CIA Information and Privacy Coordinator); and Craig Miller, who was introduced as Mr. Cohen's Chief of Staff.

3. During this meeting, the Archive explained its view that the CIA's refusal to recognize the Archive as a "representative of the news media," as well as the CIA's regulation upon which the agency appeared to base this refusal, 32 C.F.R. § 1900.02(h)(3), violated the FOIA and contradicted the holding of the D.C. Circuit in *Nat'l Security Archive v. U.S. Dep't of Defense*, 880 F.2d 1381 (D.C. Cir. 1989). The Archive stated its view that the regulation in issue: (1) impermissibly incorporated criteria from the "public interest" fee waiver standard set forth in 5 U.S.C. § 552(a)(4)(A)(iii); (2) did not conform to the FOIA regulations of the Office of Management and Budget; and (3) was unlike any other federal agency's FOIA fee processing regulations, including those of the Department of Defense and Department of State. The Archive also pointed out that the CIA previously had recognized the Archive as a "representative of the news media" for numerous prior requests, and that the CIA's decision to start questioning the Archive's fee status in October 2005 was a stark departure from prior practice.

4. At the conclusion of the meeting, the CIA told the Archive that the agency would consider the points made by the Archive during the meeting, as well as the administrative appeals that had been submitted by the Archive with respect to pending FOIA requests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 21, 2006

_____/s/_____
KRISTIN ADAIR