IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE NATIONAL SECURITY ARCHIVE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CENTRAL INTELLIGENCE AGENCY, ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> ) | No. 06-CV-1080 (GK) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Through their Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("CIA's MSJ Opp'n" or "Opposition"), defendants CIA, Director Hayden, and Information and Privacy Coordinator Koch (collectively "CIA"), again improperly seek to circumvent — or at least to delay further — judicial resolution of plaintiff Archive's claims against the CIA under the FOIA and APA. The Archive has demonstrated that it undeniably qualifies as a "representative of the news media" under FOIA's provision for preferential fee treatment, that the CIA's regulation purporting to implement that provision is unlawful, and that, accordingly, the Court should grant the Archive's motion for summary judgment on all counts in its Complaint. The CIA's Opposition does not dispute these contentions or any of the other grounds the Archive has presented in support of its motion for summary judgment. Instead, the CIA merely repeats the argument from its motion to dismiss that the Archive's claims have become moot as a result of a letter from Mr. Adolfo Tarasiuk, Jr., Chief Information Officer of the CIA, in which Mr. Tarasiuk promised that the CIA would "withdraw" its prior determinations

regarding 43 requests that form part of the basis of this lawsuit. See Tarasiuk Letter to Meredith Fuchs, General Counsel, Archive (Sep. 8, 2006) ("Tarasiuk Letter") at 1. The CIA alternatively asks this Court to stay proceedings on the Archive's summary judgment motion. Contrary to the CIA's contentions, this action is not moot, and the Court should not stay proceedings on the summary judgment motion. Given the undisputed merits of the Archive's claims, this Court should grant the Archive's motion for summary judgment.

I.   **The Archive Is Entitled To Summary Judgment.**

As the Archive explained in its Memorandum of Points and Authorities in Support of its Motion for Summary Judgment ("Archive's MSJ Mem." or "Memorandum"), it is entitled to summary judgment on all claims in its Complaint, because there is no genuine issue as to any material fact and the Archive is entitled to judgment as a matter of law. See Archive's MSJ Mem. at 14-41. The D.C. Circuit's holding in *National Security Archive v. U.S. Department of Defense*, 880 F.2d 1381 (D.C. Cir. 1989), cert. denied, 494 U.S. 1029 (1990) ("*Archive v. DOD*"), that the Archive qualifies as a "representative of the news media" under FOIA's fee provisions, see 5 U.S.C. § 552(a)(4)(A)(ii), clearly governs the outcome here. Moreover, the CIA is barred under the doctrine of collateral estoppel from relitigating the Archive's status as a representative of the news media by virtue of this Court's adjudication of this issue in *National Security Archive v. CIA*, No. 88-0501 (D.D.C. Jan. 30, 1990) (Compl. Ex. 1). See Archive's MSJ Mem. at 18-19.[1] The D.C. Circuit's authoritative construction of the pertinent FOIA provisions in *Archive v. DOD* also requires invalidation of the CIA's regulation, 36 C.F.R.

---

[1] And even if the CIA were free to relitigate the Archive's entitlement to news media status, the undisputed facts in the record show that it is even more clear now than at the time of the D.C. Circuit's 1989 decision that the Archive qualifies for news media status, given its extensive publication activities. See Archive's MSJ Mem. at 20-21; Blanton Decl. ¶¶ 3-7; Pl.'s Statement of Material Facts ¶¶ 8-14.

§ 1900.02(h)(3), which the CIA purported to rely on in questioning and then denying the Archive's status as a "representative of the news media." *See* Archive's MSJ Mem. at 21-32; Blanton Decl. ¶¶ 14, 16 & Attachs. 5, 10-14; Pl.'s Statement of Material Facts ¶ 7. None of these points is addressed — let alone refuted — by the CIA in its Opposition.

Moreover, the CIA has not identified any material facts in dispute or contested the merits of any of the Archive's claims under the FOIA and the APA. *See* CIA's MSJ Opp'n at 1-7.[2] To the contrary, although Mr. Tarasiuk's September 8 letter does not remove the need for judicial intervention in this case, that letter does signal the CIA's acknowledgment — at least for the 43 FOIA requests at issue — that the agency's approach of requiring the Archive to justify its news media status based on the *content* of each request, rather than on the Archive's publication activities, is unlawful. Indeed, because the CIA has failed entirely to respond to the Archive's arguments in support of its motion for summary judgment, this Court may treat those arguments as conceded. *See, e.g., Hester v. District of Columbia*, 433 F. Supp. 2d 71, 78 (D.D.C. 2006) (granting summary judgment to plaintiffs where defendants "fail[ed] to respond to plaintiff's arguments on [certain] points, and therefore concede[d] their validity"); *M.R.S. Enters., Inc. v. Sheet Metal Workers' Int'l Ass'n, Local 40*, 429 F. Supp. 2d 72, 78 (D.D.C. 2006) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded." (citation omitted)).

---

[2]   Because the CIA has not controverted any of the facts identified in the Archive's Statement of Material Facts, this Court may assume those facts are admitted. Local Civ. R. 7(h). Indeed, although the CIA has not filed a cross-motion for summary judgment, it has identified no material facts in dispute, instead attaching to its Opposition a "Counter-Statement of Material Facts As To Which There Is No Genuine Issue." The CIA thus concedes that the facts as presented by the Archive are not in dispute and that there is no material factual issue precluding this Court from entering summary judgment in the Archive's favor.

For these reasons, and for the reasons stated more fully in the Archive's Memorandum in support of its motion for summary judgment, the Archive is entitled to summary judgment.

## II. This Case Is Not Moot.

As the Archive showed at length in its Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss ("Archive's MTD Opp'n"), Mr. Tarasiuk's September 8 letter does not eliminate the case or controversy presented by the Archive's Complaint. "[I]f a plaintiff challenges both a specific agency action and the *policy* that underlies that action, the challenge to the policy is not necessarily mooted merely because the challenge to the particular agency action is moot." *City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1428 (D.C. Cir. 1994) (citing cases). Thus, even if the Archive's claims were moot with respect to the 43 specific requests at issue in this suit, that would not deprive this Court of jurisdiction over the remaining claims, particularly the Archive's challenge to the offending regulation and to the CIA's policy and practice of determining fees applicable to the Archive's FOIA requests based on the CIA's opinion of the "newsworthiness" of each request, rather than on the Archive's publication activities. *See* Archive's MTD Opp'n at 10-14. In this regard, the instant case is materially indistinguishable from the D.C. Circuit's decision in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988), which makes clear that the Archive's claims are not moot.

Moreover, Mr. Tarasiuk's letter falls far short of meeting the CIA's heavy burden of showing that it is "*absolutely* clear that the [CIA's] allegedly wrongful behavior could not reasonably be expected to recur." *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222

4

(2000) (*per curiam*) (citations omitted).³ Like its motion to dismiss, the CIA's Opposition to the Archive's motion for summary judgment fails entirely to address this controlling standard, even though it is the CIA (as the party asserting mootness) that bears the "heavy burden" of proving that it is absolutely clear that its unlawful actions will not recur. *See Friends of the Earth*, 528 U.S. at 189. As explained more fully in the Archive's opposition to the motion to dismiss, the "relief" purportedly afforded by Mr. Tarasiuk's letter is facially deficient. That letter seeks to retain for the CIA future discretion to deny the Archive's news media status on grounds either that its requests allegedly fail to "compl[y] with" the FOIA, or that the Archive's publication activities have "changed" compared to the present. *See* Archive's MTD Opp'n at 14-17.⁴ In any event, such a letter, which is not enforceable against the CIA, could not preempt the Archive's efforts to obtain judicial resolution of its claims.⁵

For these reasons, and for the reasons set forth in the Archive's opposition to the CIA's motion to dismiss, this Court should deny the motion to dismiss and enter summary judgment in favor of the Archive.

---

³ *See also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *Coalition of Airline Pilots Ass'ns v. FAA*, 370 F.3d 1184, 1189 (D.C. Cir. 2004).

⁴ *See also* CIA' MSJ Opp'n at 2-3 (promising to recognize the Archive's news media status "*so long as the requests . . . complied with the requirements of 5 U.S.C. § 552*" (emphasis added)).

⁵ In *Payne*, the court of appeals concluded that an Air Force major's affidavit promising reformation of the agency's conduct failed to moot that case. *See Payne*, 837 F.2d at 492. Furthermore, here the reliability of the CIA's purported commitments is particularly suspect given the timing and circumstances of Mr. Tarasiuk's letter — three months after the Archive filed its Complaint, on the same day that the Archive moved for summary judgment, and long after the CIA told the Archive that the agency's regulations prevented it from reconsidering its position with respect to the Archive. *See* Compl. ¶ 39 & Ex. 17.

### III. This Court Should Not Stay Proceedings on the Archive's Motion for Summary Judgment.

The CIA's alternative argument, that the Court should delay consideration of the Archive's summary judgment motion pending resolution of the CIA's motion to dismiss, is equally unavailing. Determining whether to enter a stay of judicial proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.[6] Here, the CIA has identified no reason why a stay is warranted in this case, and no such reason exists. There is no other proceeding in progress, judicial or otherwise, that might affect the outcome of this case, and the CIA has offered no reason why, after having received multiple extensions of time in which to respond to the Archive's claims, it continues to be unable to do so. Indeed, given the strong and undisputed merits of the Archive's claims, the Archive's motion for summary judgment is easily amenable to prompt resolution: that motion can and must be resolved in the Archive's favor.

The CIA's sole justification for a stay is that this Court must dispose of the CIA's jurisdictional objection before turning to the merits of the Archive's suit. CIA's MSJ Opp'n at 5-6. But that does not require a stay. As the CIA itself recognizes, courts are always obligated to resolve jurisdictional questions at the threshold, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998), including at the summary judgment stage, *see e.g., TOMAC, Taxpayers of Michigan Against Casinos v. Norton*, 433 F.3d 852, 860 (D.C. Cir. 2006)

---

[6] *See also Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971); *Barton v. District of Columbia*, 209 F.R.D. 274, 278 (D.D.C. 2002).

(addressing Article III standing in summary judgment proceeding); *Basel Action Network v. Maritime Admin.*, 370 F. Supp. 2d 57, 65-70 (D.D.C. 2005) (same). Moreover, by opposing the Archive's motion for summary judgment on the sole ground that the Archive's claims are moot, the CIA itself has invited this Court to resolve that jurisdictional question within the summary judgment proceeding. This Court should accept that invitation, by holding that the Archive's claims are not moot and by granting summary judgment to the Archive.

Finally, a stay of proceedings would cause additional prejudice to the Archive through continued indeterminacy of the Archive's rights under the FOIA and the APA. It has been almost a year since the CIA initiated its unlawful conduct. *See* Pl.'s Statement of Material Facts ¶ 5; Blanton Decl. ¶ 12. For months, the Archive tried to convince the CIA of the unlawfulness of its policy and practice, pointing particularly to the D.C. Circuit's controlling decision in *Archive v. DOD*. *See* Pl.'s Statement of Material Facts ¶¶ 8, 18, 21; Blanton Decl. ¶¶ 15, 17, 20 & Exs. 6-9, 15, 18. Indeed, the Archive stated its position not only through numerous letters, but also during an in-person meeting requested by the Archive, after which the CIA told the Archive that it had no right to an administrative appeal and could pursue relief from the CIA's policies only by "seek[ing] judicial review." *See* Adair Decl. ¶¶ 2, 3; Compl. ¶ 39 & Ex. 17. A stay of proceedings at this juncture, after the Archive followed the sole path the CIA told the Archive was available to it, would only exacerbate injury already inflicted on the Archive by the CIA's prolonged, administrative shell game.

The CIA has offered no competing interest for this Court to weigh against the hardship to the Archive of extending this litigation any further. *See Landis*, 299 U.S. at 254-55. This Court is fully able to resolve its own jurisdiction within the framework of the Archive's summary

judgment proceedings — indeed, the CIA has asked the Court to do just that. The Court should therefore hold that the case is not moot and enter summary judgment for the Archive.

## CONCLUSION

For these reasons, the Court should grant the Archive's motion for summary judgment.

Respectfully submitted,

*David Mendel*

Patrick Carome (D.C. Bar No. 385676)
David S. Mendel (D.C. Bar No. 470796)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
(202) 663-6000 (t)
(202) 663-6363 (f)

Meredith Fuchs (D.C. Bar No. 450325)
General Counsel
The National Security Archive
Gelman Library, Suite 701
2130 H Street, N.W.
Washington, D.C. 20037
(202) 994-7000 (t)
(202) 994-7005 (f)

*Counsel for Plaintiff National Security Archive*

September 29, 2006