**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                        )
                                                        )
THE NATIONAL SECURITY ARCHIVE,         )
                                                        )
                    Plaintiff,                          )
                                                        )
          v.                                            )
                                                        )     No. 06cv01080 (GK)
THE CENTRAL INTELLIGENCE AGENCY, et al.,   )
                                                        )
                    Defendants.                      )
_____)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION TO FILE A SUPPLEMENTAL MEMORANDUM OF LAW**

On July 31, 2007, Defendants filed a Notice of Supplemental Authority ("Def. Notice")

informing the Court that the CIA had issued a final rule amending 32 CFR part 1900 and

adopting in 32 CFR § 1900.02(h)(3) the definition of "news media" contained in the March 27,

1987 Office of Management and Budget FOIA guidelines.  Rec. Doc. 22.  Defendants, in their

Motion to Dismiss ("Def. Mot.") Plaintiff's suit on mootness grounds, filed on September 8,

2006, noted that the CIA intended to revise 32 CFR § 1900.02(h)(3).  Rec. Doc. 15 at 3.  Plaintiff

opposed that motion and argued that its challenge to the facial validity of the now superseded

version of 32 C.F.R. § 1900.02(h)(3) "remain[ed] a live controversy."  Rec. Doc. 18 ("Pl. Opp.")

at 17.  Defendants' Notice of Filing therefore simply informed the Court that such revision had

taken place, further confirming that Plaintiff's challenge to a now superseded regulation had

been rendered moot.

Plaintiff now argues – notwithstanding the fact that this case has been fully briefed for

almost a year – that it is entitled to submit a supplemental memorandum of law in this case.  The

Court should deny Plaintiff's motion for leave to file a supplemental memorandum as it simply regurgitates arguments made in other filings.  See Rec. Doc. 23, Attachment 2 ("Pl. Prop. Mem.") at 5-7 (repeatedly citing to sections of Plaintiff's previously filed briefs).  Moreover, and as explained below, Plaintiff's claim that the CIA's new rule "does not support Defendants' contention that this lawsuit is moot," Pl. Mem. at 1, is not only meritless, but is in directly contradicts the relief requested by Plaintiff in its Complaint, and in its prior filings with this Court.

## ARGUMENT

### THE CIA'S NEW RULE FURTHER CONFIRMS
### THAT PLAINTIFF'S COMPLAINT RAISES NO LIVE CASE OR CONTROVERSY

As thoroughly discussed in Defendants' Motion to Dismiss, the Court lacks subject matter jurisdiction over Plaintiff's lawsuit because events subsequent to the filing of Plaintiff's Complaint have provided the NSA with its requested relief and ended any live controversy between the parties.  Def. Mot. at 7.  The Complaint sought a judgment declaring that the NSA is entitled to preferential status as a "representative of the news media" for purposes of assessing FOIA fees; requiring Defendants to treat the NSA a representative of the news media for existing and future requests that are not made for commercial use; according existing requests the place in the processing queue that they would have had; and reimbursement of any processing fees assessed.  Compl. ¶ 6.  On September 8, 2006, Defendants issued the NSA a final agency decision providing precisely this relief.  See Def. Mot. at Ex. A.

Plaintiff also claimed it was entitled to additional requested relief in the form of a judgment "declaring invalid the pertinent regulations including but not limited to 32 C.F.R. § 1900.02(h)(3), and enjoining Defendants from relying on those regulations in the future."  Rec.

Doc. 18 ("Pl. Opp.") at 7; Compl. at 23-24 (Prayer for Relief).[1]  The CIA's new rule has likewise

rendered this requested relief moot.  The prior regulation that Plaintiff wished the Court to

"declare[] invalid" no longer exists.  Plaintiff has therefore received all the relief sought through

their Complaint, and there is no longer any judicial function for the Court to play.  See Def. Mot.

at 3-10; Def. Reply at 5-7; City of Houston v. Dep't of Housing and Urban Development, 24

F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal courts lack jurisdiction to decide moot cases because

their constitutional authority extends only to actual cases or controversies.") (quotation

omitted).[2]        Plaintiff makes the wholly unsupported allegation that the CIA's new rule "does

nothing to assuage concerns that Defendants, absent an additional order from this Court directing

them to give the Archive proper treatment under the statute, will not continue their pattern of

illegal conduct toward the Archive."  Pl. Prop. Mem. at 1-2.  However, unrebutted record

evidence demonstrates that Defendants have granted "representative of the news media" status

for every single FOIA request at issue in Plaintiff's Complaint, and have expressly stated that

Plaintiff will receive such status for all future requests.  Def. Mot. at Ex. A (noting that the CIA

will recognize the NSA as a "representative of the news media" "for purposes of assessing FOIA

processing fees for all future requests the Archive submits for a non-commercial purpose in

---

[1]  Defendants contested that Plaintiff was entitled to challenge the now superseded regulation as any challenge was not ripe.  Def. Mot. at n.2; Def. Reply (Rec. Doc. 21) at 3-6.

[2]  Puzzlingly, Plaintiff also claims that "the CIA to this day has never responded" to Plaintiff's motion for summary judgment.  Pl. Prop. Mem. at 10; Id. at n.2.  To the contrary, Defendants filed an opposition ("Def. Opp. to Pl. MSJ") to Plaintiff's motion, as well as a counter-statement of material facts on September 19, 2006.  Rec. Doc. 17.  In that opposition, as in its motion to dismiss, Defendants noted that Plaintiff's lawsuit raised no live case or controversy, and the Court should therefore deny Plaintiff's motion for summary judgment.  Def. Opp. to MSJ at 3-6.

compliance with 5 U.S.C. § 552(a)(4)(A)(ii)(II), and in accordance with the Court's decision in National Security Archive v. U.S. Dep't of Defense ("NSA v. DOD"), 880 F.2d 1381 (D.C. Cir. 1989)").  Plaintiff's baseless speculation that Defendants might, at some point in the future, engage in alleged "illegal conduct" is insufficient to create a case or controversy before the Court.  City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (holding a claim for equitable relief is moot "absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again."); see also Def. Reply at 5-7.

Plaintiff's continuing insistence, Pl. Opp. at 14-16; Pl. Prop. Mem. at 7, that somehow the CIA lacks discretion to reassess the NSA's entitlement to "representative of the news media status" should a future change occur "in the nature of the Archive's information-gathering, publishing, and dissemination activities, compared to the present," Def. Mot. At Ex. A, has no basis in law.  To the contrary, the very case upon which Plaintiff repeatedly relies, NSA v. DOD, specifically noted that "[its] conclusion [that NSA is entitled to representative of the news media status] is not chiseled in granite."  880 F.2d at 1388.  The Court further noted that "[i]f the Archive's intention to publish works derived from the documents it requests does not pan out, it will be open to DoD to argue that the Archive is not longer a representative of the news media." Id.; Def. Reply at n.7.  Plaintiff is therefore not entitled to an order from the Court "enjoining the CIA to treat the Archive as a 'representative of the news media' for all future FOIA requests," Pl. Prop. Mem. at 3, because any such order would be contrary to the precepts found in NSA v. DOD.  880 F.2d at 1388.

Finally, Plaintiff again argues that the voluntary cessation doctrine applies, because

Defendants' so-called "gamesmanship removes any doubt that Defendants cannot satisfy their heavy burden to show that it is 'absolutely clear' that their illegal conduct will not resume." Pl. Prop. Mem. at 10. Tellingly, Plaintiff provides no examples of continuing "illegal conduct." Nor, other than offering invective and pure speculation, does Plaintiff provide any support for its allegation that the CIA "has not embraced a meaningful change of policy, but is instead engaged in a transparent effort to evade judicial review of its conduct." Pl. Prop. Mem. at 9.[3] Instead, the evidence before the Court is that Defendants have granted "representative of the news media status" to NSA for every single FOIA request at issue in Plaintiff's Complaint, have assured Plaintiff it will receive such status in the future, and have revised the very regulation challenged by Plaintiff in its Complaint. That regulation now mirrors the definition of "news media" promulgated by OMB FOIA guidelines. Def. Notice, Ex. A at 1.

Consequently, and as explained in Defendants' Reply, the voluntary cessation exception to the mootness doctrine does not apply in this case. Def. Reply at 7-12; Clarke v. United States, 915 F.2d 699, 705 (D.C. Cir. 1990) ( "At least in the absence of overwhelming evidence (and perhaps not then), it would seem inappropriate for the courts either to impute such manipulative

_____

[3] Plaintiff claims that "the CIA has admitted that its purpose in adopting the final rule was not to remedy a defect in its illegal policy and practice . . . but instead to manufacture an alleged basis for ending the Archive's suit." Pl. Prop. Mem. at 10. Not so. Instead, the preamble to the CIA's new rule simply notes that in the January 8, 2007 edition of the Federal Register, the CIA published a proposed rule that received many critical comments. Def. Notice, Ex. A at 1. Consequently, "rather than implementing the sweeping changes set forth in the proposed rule," the CIA instead made a more modest change by adopting the OMB definition. Id. The CIA also noted that while "confident in the adequacy and sufficiency of its previous interpretation of 'news media' fee status, it has concluded that it is preferable to avoid sterile and unproductive technical litigation and the associated diversion of resources from more productive pursuits that that entails." Id. Although it is unclear whether the latter portion of the preamble refers to the January 8, 2007 proposed regulation, it is absolutely certain that no specific reference is made to the NSA.

conduct to a coordinate branch of government, or to apply against that branch a doctrine that appears to rest on a likelihood of manipulative purpose."); <u>Committee in Solidarity with People of El Salvador v. Sessions</u>, 929 F.2d 742, 745 (D.C. Cir. 1991) ("it has been the settled practice to accept [] representations [by the government] in determining whether a case presents a live controversy" (internal quotations omitted)).

## **CONCLUSION**

For the foregoing reasons, and for the reasons stated in Defendants' fully briefed motion to dismiss, the Court should deny Plaintiff's Motion for Leave to File a Supplemental Memorandum, and dismiss this matter.

Dated: September 6, 2007                          Respectfully submitted,

                                                  PETER D. KEISLER
                                                  Assistant Attorney General

                                                  John R. Tyler
                                                  Senior Litigation Counsel

                                                  _____/s/_____
                                                  HEATHER R. PHILLIPS
                                                  Trial Attorney
                                                  U.S. Department of Justice
                                                  Civil Division/Federal Programs
                                                  Mail:   P.O. Box 883
                                                          Washington, D.C.  20044
                                                  Street: 20 Massachusetts Ave., N.W.
                                                          Room 7330
                                                  Washington, DC  20001
                                                  Ph:     (202) 616-0679
                                                  Fax:    (202) 616-8470
                                                  Email:  heather.phillips@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE,     ) | |
|      ) | |
| Plaintiff,     ) | |
|      ) | |
| v.     ) | No. 06cv01080 (GK) |
|      ) | |
| THE CENTRAL INTELLIGENCE AGENCY, et al.,     ) | |
|      ) | |
| Defendants.     ) | |

THIS MATTER having come before the Court on Plaintiff NSA's Motion for Leave to File a Supplemental Memorandum of Law, and having considered Defendants' Opposition thereto, it is hereby

ORDERED that Plaintiff's Motion for Leave to File a Supplemental Memorandum of Law is DENIED.

**SO ORDERED.**

Dated: _____                    _____