**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
)
)
THE NATIONAL SECURITY ARCHIVE,            )
)
             Plaintiff,            )
)
          v.            )
)    No. 06cv01080 (GK)
THE CENTRAL INTELLIGENCE AGENCY, <u>et al.</u>,            )
)
          Defendants.            )
_____)

<u>**DEFENDANTS' REPLY TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF LAW**</u>

      On July 31, 2007, Defendants filed a Notice of Supplemental Authority ("Def. Notice")

informing the Court that the CIA had issued a final rule amending 32 CFR part 1900 and

adopting in 32 CFR § 1900.02(h)(3) the definition of "news media" contained in the March 27,

1987 Office of Management and Budget FOIA guidelines.  Rec. Doc. 22.  Defendants, in their

Motion to Dismiss ("Def. Mot.") Plaintiff's suit on mootness grounds, filed on September 8,

2006, noted that the CIA intended to revise 32 CFR § 1900.02(h)(3).  Rec. Doc. 15 at 3.  Plaintiff

opposed that motion and argued that its challenge to the facial validity of the now superseded

version of 32 C.F.R. § 1900.02(h)(3) "remain[ed] a live controversy."  Rec. Doc. 18 ("Pl. Opp.")

at 17.

      Plaintiff has now filed a supplemental memorandum, Rec. Doc. No. 25 ("Pl. Mem."),

claiming that the CIA's new rule "does not support Defendants' contention that this lawsuit is

moot."  This contention is not only meritless, but directly contradicts the relief requested by

Plaintiff in its Complaint, and in its prior filings with this Court.

## ARGUMENT

### THE CIA'S NEW RULE FURTHER CONFIRMS
### THAT PLAINTIFF'S COMPLAINT RAISES NO LIVE CASE OR CONTROVERSY

As thoroughly discussed in Defendants' Motion to Dismiss, the Court lacks subject matter jurisdiction over Plaintiff's lawsuit because events subsequent to the filing of Plaintiff's Complaint have provided the NSA with its requested relief and ended any live controversy between the parties. Def. Mot. at 7. The Complaint sought a judgment declaring that the NSA is entitled to preferential status as a "representative of the news media" for purposes of assessing FOIA fees; requiring Defendants to treat the NSA as a representative of the news media for existing and future requests that are not made for commercial use; according existing requests the place in the processing queue that they would have had; and reimbursement of any processing fees assessed. Compl. ¶ 6. On September 8, 2006, Defendants issued the NSA a final agency decision providing precisely this relief. See Def. Mot. at Ex. A.

Plaintiff also claimed it was entitled to additional requested relief in the form of a judgment "declaring invalid the pertinent regulations including but not limited to 32 C.F.R. § 1900.02(h)(3), and enjoining Defendants from relying on those regulations in the future." Rec. Doc. 18 ("Pl. Opp.") at 7; Compl. at 23-24 (Prayer for Relief).[1] The CIA's new rule has likewise rendered this requested relief moot. The prior regulation that Plaintiff wished the Court to "declare[] invalid" no longer exists. Plaintiff has therefore received all the relief sought through their Complaint, and there is no longer any judicial function for the Court to play. See Def. Mot. at 3-10; Def. Reply at 5-7; City of Houston v. Dep't of Housing and Urban Development, 24

---

[1] Defendants contested that Plaintiff was entitled to challenge the now superseded regulation as any challenge was not ripe. Def. Mot. at n.2; Def. Reply (Rec. Doc. 21) at 3-6.

2

F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal courts lack jurisdiction to decide moot cases because
their constitutional authority extends only to actual cases or controversies.") (quotation
omitted).[2]         Plaintiff makes the wholly unsupported allegation that the CIA's new rule "does
nothing to assuage concerns that Defendants, absent an additional order from this Court directing
them to give the Archive proper treatment under the statute, will not continue their pattern of
illegal conduct toward the Archive."  Pl. Prop. Mem. at 1-2.  However, unrebutted record
evidence demonstrates that Defendants have granted "representative of the news media" status
for every single FOIA request at issue in Plaintiff's Complaint, and have expressly stated that
Plaintiff will receive such status for all future requests.  Def. Mot. at Ex. A (noting that the CIA
will recognize the NSA as a "representative of the news media" "for purposes of assessing FOIA
processing fees for all future requests the Archive submits for a non-commercial purpose in
compliance with 5 U.S.C. § 552(a)(4)(A)(ii)(II), and in accordance with the Court's decision in
National Security Archive v. U.S. Dep't of Defense ("NSA v. DOD"), 880 F.2d 1381 (D.C. Cir.
1989)").  Plaintiff's baseless speculation that Defendants might, at some point in the future,
engage in alleged "illegal conduct" is insufficient to create a case or controversy before the
Court.  City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (holding a claim for equitable
relief is moot "absent a showing of irreparable injury, a requirement that cannot be met where
there is no showing of any real or immediate threat that the plaintiff will be wronged again.");

---

[2]  Puzzlingly, Plaintiff also claims that "the CIA to this day has never responded" to
Plaintiff's motion for summary judgment.  Pl. Prop. Mem. at 10; Id. at n.2.  To the contrary,
Defendants filed an opposition ("Def. Opp. to Pl. MSJ") to Plaintiff's motion, as well as a
counter-statement of material facts on September 19, 2006.  Rec. Doc. 17.  In that opposition, as
in its motion to dismiss, Defendants noted that Plaintiff's lawsuit raised no live case or
controversy, and the Court should therefore deny Plaintiff's motion for summary judgment.  Def.
Opp. to MSJ at 3-6.

see also Def. Reply at 5-7.

Plaintiff's continuing insistence, Pl. Opp. at 14-16; Pl. Prop. Mem. at 7, that somehow the CIA lacks discretion to reassess the NSA's entitlement to "representative of the news media status" should a future change occur "in the nature of the Archive's information-gathering, publishing, and dissemination activities, compared to the present," Def. Mot. At Ex. A, has no basis in law. To the contrary, the very case upon which Plaintiff repeatedly relies, NSA v. DOD, specifically noted that "[its] conclusion [that NSA is entitled to representative of the news media status] is not chiseled in granite." 880 F.2d at 1388. The Court further noted that "[i]f the Archive's intention to publish works derived from the documents it requests does not pan out, it will be open to DoD to argue that the Archive is no longer a representative of the news media." Id.; Def. Reply at n.7. Plaintiff is therefore not entitled to an order from the Court "enjoining the CIA to treat the Archive as a 'representative of the news media' for all future FOIA requests," Pl. Prop. Mem. at 3, because any such order would be contrary to the precepts found in NSA v. DOD. 880 F.2d at 1388.

Finally, Plaintiff again argues that the voluntary cessation doctrine applies, because Defendants' so-called "gamesmanship removes any doubt that Defendants cannot satisfy their heavy burden to show that it is 'absolutely clear' that their illegal conduct will not resume." Pl. Prop. Mem. at 10. Tellingly, Plaintiff provides no examples of continuing "illegal conduct." Nor, other than offering invective and pure speculation, does Plaintiff provide any support for its allegation that the CIA "has not embraced a meaningful change of policy, but is instead engaged

in a transparent effort to evade judicial review of its conduct." Pl. Prop. Mem. at 9.[3]  Instead, the

evidence before the Court is that Defendants have granted "representative of the news media

status" to NSA for every single FOIA request at issue in Plaintiff's Complaint, have assured

Plaintiff it will receive such status in the future, and have revised the very regulation challenged

by Plaintiff in its Complaint.  That regulation now mirrors the definition of "news media"

promulgated by OMB FOIA guidelines.  Def. Notice, Ex. A at 1.

Consequently, and as explained in Defendants' Reply, the voluntary cessation exception

to the mootness doctrine does not apply in this case.  Def. Reply at 7-12; Clarke v. United States,

915 F.2d 699, 705 (D.C. Cir. 1990) ( "At least in the absence of overwhelming evidence (and

perhaps not then), it would seem inappropriate for the courts either to impute such manipulative

conduct to a coordinate branch of government, or to apply against that branch a doctrine that

appears to rest on a likelihood of manipulative purpose."); Committee in Solidarity  with People

of El Salvador v. Sessions, 929 F.2d 742, 745 (D.C. Cir. 1991) ("it has been the settled practice

to accept [] representations [by the government] in determining whether a case presents a live

controversy" (internal quotations omitted)).

---

[3]  Plaintiff claims that "the CIA has admitted that its purpose in adopting the final rule
was not to remedy a defect in its illegal policy and practice . . . but instead to manufacture an
alleged basis for ending the Archive's suit." Pl. Prop. Mem. at 10.  Not so.  Instead, the
preamble to the CIA's new rule simply notes that in the January 8, 2007 edition of the Federal
Register, the CIA published a proposed rule that received many critical comments.  Def. Notice,
Ex. A at 1.  Consequently, "rather than implementing the sweeping changes set forth in the
proposed rule," the CIA instead made a more modest change by adopting the OMB definition.
Id.  The CIA also noted that while "confident in the adequacy and sufficiency of its previous
interpretation of 'news media' fee status, it has concluded that it is preferable to avoid sterile and
unproductive technical litigation and the associated diversion of resources from more productive
pursuits that that entails."  Id.  Although it is unclear whether the latter portion of the preamble
refers to the January 8, 2007 proposed regulation, it is absolutely certain that no specific
reference is made to the NSA.

## <u>CONCLUSION</u>

For the foregoing reasons, and for the reasons stated in Defendants' fully briefed motion to dismiss, the Court should dismiss this matter.

Dated: October 24, 2007                          Respectfully submitted,

                                                 PETER D. KEISLER
                                                 Assistant Attorney General

                                                 John R. Tyler
                                                 Senior Litigation Counsel

                                                 _____/s/_____
                                                 HEATHER R. PHILLIPS
                                                 Trial Attorney
                                                 U.S. Department of Justice
                                                 Civil Division/Federal Programs
                                                 Mail:   P.O. Box 883
                                                         Washington, D.C.  20044
                                                 Street: 20 Massachusetts Ave., N.W.
                                                         Room 7330
                                                 Washington, DC  20001
                                                 Ph:     (202) 616-0679
                                                 Fax:    (202) 616-8470
                                                 Email:  heather.phillips@usdoj.gov