IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06cv01080 (GK) |
| ) | |
| THE CENTRAL INTELLIGENCE AGENCY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE
FOR RELIEF FROM OR TO ALTER OR AMEND JUDGMENT**

Pursuant to Fed. R. Civ. P. 59(e) and 60(b)(3), Plaintiff has moved the Court to reconsider its July 14, 2008 Order granting Defendant's motion to dismiss. Plaintiff's motion pursuant to Rule 59(e) should be denied because Plaintiff has presented no new evidence that was not previously available. Plaintiff's motion pursuant to Rule 60(b)(3) should likewise be denied because the CIA has not engaged in fraud, misrepresentation or misconduct, and Plaintiff has not been prejudiced by the CIA's conduct in this matter.

A motion for reconsideration under Rule 59(e) "need not be granted unless the district court finds that there is an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citations omitted). Granting reconsideration under Rule 59(e) is an "extraordinary measure," id. at 1208, and Plaintiff may not use a Rule 59(e) motion as "a vehicle for presenting theories or arguments that could have been presented earlier." New York v. United States, 880 F.Supp. 37, 38 (D.D.C.

1995). See also Savers Fed. Sav. & Loan Ass'n v. Reetz, 888 F.2d 1497, 1508-09 (5th Cir. 1989) (finding no abuse of discretion in denying a Rule 59(e) motion that sought to raise new theories where facts were known to the movant in advance of summary judgment).

     Plaintiff has been aware of the matter they complain of – that the CIA began placing the Archive in the "other fee" category – since early February of 2008, six months before the Court issued its July 14, 2008 Order. Pl. Mot. at 8, 11, and Exhibit B attached thereto. Plaintiff could therefore have brought this matter to the attention of the Court at any time during those six months and prior to the Court issuing its decision. Nor is reconsideration necessary to "prevent manifest injustice." Firestone, 76 F.3d at 1208. The CIA has acknowledged that it mistakenly began categorizing Plaintiff's FOIA requests in the "other fee" category in February of 2008, but has now rectified this mistake. See September 5, 2008 letter to NSA, attached hereto as Exhibit A. Plaintiff has paid no fees in association with these mistakenly categorized FOIA requests. Id. Plaintiff therefore fails to meet the necessary standard for the "extraordinary measure" of Rule 59(e) relief. Firestone, 76 F.3d at 1208.

     Rule 60(b)(3) provides that the court may relieve a party or its legal representative from a final order where there has been "fraud . . . misrepresentation, or misconduct by an opposing party." Contrary to Plaintiff's assertions, there has been no fraud, misrepresentation, or misconduct by the CIA. As noted above, although in February of 2008 the CIA mistakenly began categorizing Plaintiff's FOIA requests in the "all other" fee category, the CIA has recognized and rectified this mistake. See Exhibit A.

     In any event, fraud, misrepresentation, or misconduct alone is insufficient to justify the setting aside of a final judgment. Summers v. Howard Univ., 374 F.3d 1188, 1193 (D.C. Cir.

2004). "Under Rule 60(b), a court must balance the interest in justice with the interest in protecting the finality of judgments." Id. Therefore, to prevail on a Rule 60(b)(3) motion, Plaintiff must show that the CIA's conduct resulted in actual prejudice. Id. (stating that the victim of fraud or misrepresentation or misconduct must also demonstrate actual prejudice to warrant relief). Because Plaintiff never paid any search fees associated with the mistakenly categorized FOIA requests (and indeed it was never the intention of the CIA to assess fees for these FOIA requests) Plaintiff was not prejudiced by this mistaken categorization.[1] See Exhibit A (noting that no fees were ever paid for the processing of the mistakenly categorized requests).

Dated: September 5, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

John R. Tyler
Senior Litigation Counsel


/s/ Heather R. Phillips
HEATHER R. PHILLIPS, CA Bar #191620
Trial Attorney, Federal Programs Branch
Civil Division
20 Massachusetts Ave NW, 7222
PO Box 883 (US Mail)
Washington, DC 20044
Tel: 202-616-0679
Fax: 202-616-8470
email: heather.phillips@usdoj.gov
*Attorneys for Defendant*

---

[1] Plaintiff's "time and resources [spent] in administratively appealing the CIA's unlawful conduct and in litigating this action" do not constitute prejudice to Plaintiff for purposes of its Rule 60(b)(3) motion. See Summers, 374 F. 3d at 1195.