UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
NATIONAL SECURITY ARCHIVE,      )
                                )
         Plaintiff,             )
                                )
    v.                          )   Civil Action No. 06-1080
                                )
CENTRAL INTELLIGENCE AGENCY,    )
et al.,                         )
                                )
         Defendants.            )
_____)

### MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for Reconsideration. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Plaintiff's Motion for Reconsideration is **granted**.

## I.  BACKGROUND

In 2006, the National Security Archive ("the Archive") brought suit against the Central Intelligence Agency ("CIA") and its officials (collectively "Defendants") in connection with the Defendants' treatment of the Archive under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended by the Freedom of Information Act of 1986 ("FIRA"), Pub. L. No. 99-570, § 1801-04, 100 Stat. 3207-48, 48-50. Prior to 2005, Plaintiff had been granted "representative of the news media status" under FIRA, which entitled it to a fee-waiver on its FOIA requests. National Security Archive v. Central Intelligence Agency, et al., Civ. No. 06-1080 (D.D.C. July 14, 2008) ("Mem. Op."), at 2. In 2005, the

CIA denied the Archive this status. Instead, the CIA placed Archive in the "all other" fee category and made it pay for FOIA requests. See Mem. Op. at 5; see also Pl.'s Mot. for Reconsideration ("Pl.'s Mot.") at 8; Defs.' Opp'n to Pl.'s Mot. for Reconsideration ("Defs.' Opp'n") Ex. A.

During the course of this litigation, the CIA indicated that it had acted in error, and voluntarily granted the Archive "news media" status. As a result, the Court held that the Archive's claims regarding past FOIA requests were mooted. Mem. Op. at 7. In addressing the Archive's claim about future treatment--specifically, its plea that the Court order the CIA to avoid future misconduct--the Court found that the issue was unripe. Id. at 8. The case was then dismissed for lack of subject matter jurisdiction.

Shortly after dismissal, Plaintiff filed its Motion and included evidence that the CIA had resumed its practice of mis-classifying the Archive in the period leading up to and following the Court's July 14, 2008 decision, Pl.'s Mot. at 8-9, even though these mis-classifications were often accompanied by discretionary fee waivers.[1]  Id. at 9. In response to the Motion for Reconsideration, the Defendants acknowledged that the agency's conduct was in error, issued an apology for the mistake, and

---

[1] The Archive alleges that the CIA failed in some cases to waive the fee. See Pl.'s Mot at 9 n.6; Defs.' Opp'n Ex A. at 1 n.1.

reiterated their promise to categorize the Archive as a representative of the news media. See Defs.' Opp'n at 2; Id. Ex. A. Despite these representations,[2] the CIA has continued to deny the Archive that status. After filing an Opposition to the Plaintiff's Motion, and attaching a letter of apology, the CIA immediately resumed its practice of denying the Archive "news media" status. Pl.'s Reply in Further Support of its Mot. for Reconsideration ("Pl.'s Reply") Ex. K.

## II. STANDARD OF REVIEW

A motion for reconsideration should be granted only if the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations and quotations omitted). In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position." Nat'l Ctr. for Mfg. Sciences v. Dep't of Def., 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation omitted).

---

[2] Defendant allegedly failed to send word of its actions directly to the Plaintiff. The Archive claims to have learned of these representations only when the CIA attached the apology letter as an exhibit to its Opposition. See Pl.'s Reply at 2 n.1.

**III. ANALYSIS**

    **A.  Plaintiff's Claims Are Not Moot**

In its Memorandum Opinion of July 14, 2008, the Court concluded that the CIA's voluntary cessation of the alleged misconduct mooted the claims against it.  See Mem. Op. at 7.  At that time, the CIA made it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  Id. at 7 (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (internal quotations and citations omitted)).

However, new evidence introduced by the Plaintiff--most importantly, that the CIA has continued to deny the Archive "news media" status--demonstrates that this "heavy burden" is no longer satisfied.  Community Hous. Trust v. Dep't of Consumer & Regulatory Affairs, 257 F. Supp. 2d 208, 218 (D.D.C. 2003) (quotations and citations omitted).  This evidence,[3] which came to light as recently as September 11, 2008, Pl.'s Reply Ex. K, compels a

---

[3] Defendants argue that this evidence is not new, since some of the status determinations were originally made in February of 2008, months before the Plaintiff's case was dismissed.  Defs.' Opp'n at 2.  Such an argument is unavailing.  As the Archive notes, the CIA did not offer a final ruling on the February FOIA requests until June of 2008.  Pl.'s Reply at 5-6.  Further, the CIA placed the Archive in the "all other" category as recently as July 17, 2008, after the opinion was issued in this case.  See Supplemental Decl. of Kristin Adair ¶¶ 4-5.  More recently, the CIA has not even disclosed a status for the Archive; rather, it has simply waived fees as a matter of administrative discretion, leaving the Plaintiff to wonder at its legal status.  Pl.'s Reply Ex. K.

reconsideration of the initial decision in this case. See Nat'l Ctr. for Mfg. Sciences, 199 F.3d at 511.

Despite admissions that it had not complied with FOIA, and despite assurances that it would in the future comply with the law, Defs.' Opp'n Ex. A, the CIA has continued the very conduct which it has admitted was illegal. It has twice made highly misleading representations to the Archive, as well as to this Court. Such extraordinary misbehavior can no longer insulate it from accountability. Since the Defendants' past actions strongly suggest that their alleged misconduct will recur, the CIA's promises to voluntarily halt its behavior no longer moot the issue. See Laidlaw, 528 U.S. at 189 ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.") (quotations and citations omitted). Therefore, the Court will now proceed to consider the merits of the case.

### B. The CIA Has Wrongly Denied the Archive Status as a "Representative of the News Media"

The Archive argues that, under FIRA, it is appropriately classified as a "representative of the news media." Mem. Op. at 3-4. The CIA has conceded that this classification is proper.[4] See id. at 5. In a letter dated September 5, 2008, counsel for the CIA acknowledged that under the law, the Archive should be placed in

---

[4] It must be emphasized that the CIA does not deny or dispute any of Plaintiff's factual representations.

the news media category.  Defs.' Opp'n Ex. A.  The Court agrees with the parties, and holds that the CIA must treat the Archive as a representative of the news media for all pending and future non-commercial FOIA requests.  Because the Defendants admit that this ruling is correct as a matter of law, they will not be prejudiced by the issuance of an order which makes their legal obligations perfectly clear.[5]

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **granted**.  An order shall issue with this Memorandum Opinion.

November 4, 2008

/s/
Gladys Kessler
U.S. District Judge

**Copies to**: **attorneys on record via ECF**

---

[5] The CIA's request that the Court not enter a formal order to this effect--after twice making misrepresentations about its intentions--is truly hard to take seriously.